IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,
Plaintiff,

v.

OSCAR FERRER RIVERA,
Defendant.

CRIM. NO. 16-038 ( PAD )
CRIM. NO. 18-387 ( PAD )

**PLEA AGREEMENT**
**[Pursuant to Rule 11(c)(1)(A) & (B) FRCP]**

TO THE HONORABLE COURT:

COMES NOW the United States of America, by and through its attorneys, Rosa Emilia Rodriguez-Velez, United States Attorney for the District of Puerto Rico, José Capó Iriarte, Assistant United States Attorney, Chief Criminal Division, Myriam Y. Fernandez, Assistant United States Attorney, Deputy Chief, Financial Fraud & Corruption Unit, and Seth A. Erbe, Assistant United States Attorney for said District, and **OSCAR FERRER RIVERA**, Defendant, by and through defendant's counsel, Luis Rafael Rivera, Esquire, pursuant to Rule 11(c)(1)(A) & (B) of the Federal Rules of Criminal Procedure, and state to this Honorable Court, that they have reached an agreement, the terms and conditions of which are as follows:

1.     **COUNTS TO WHICH DEFENDANT PLEADS GUILTY**

Defendant agrees to plead guilty to **COUNTS 1 through 12** of the Indictment in Criminal No. 16-038 (PAD), and **COUNT 2** of the Indictment in Criminal No. 18-387 (PAD) which charges:

From on or about January 27, 2011, up to and including the return of this indictment, in the District of Puerto Rico and within the jurisdiction of this Court, for the purpose of executing or attempting to execute the above described scheme and artifice to defraud and deprive, the defendant **OSCAR FERRER** knowingly caused to be delivered by U.S. Mail at the place at which it was directed to be delivered by the person to whom it was addressed the following matters:

| COUNT | DESCRIPTION OF ITEM CAUSED TO BE MAILED | MAILED TO |
|---|---|---|
| 2 | National Western HIA letter dated July 9, 2013 to an individual with initials S.A.U. | Urb. Ramey 222A 6th St. Aguadilla, PR 00603 |
| 3 | National Western HIA Investment Statement to an individual with initials S.A.U. with a reporting period ending October 29, 2013 | Urb. Ramey 222A 6th St. Aguadilla, PR 00603 |
| 4 | National Western HIA Statement to a company with initials B.R.C&T.R. with a reporting period ending December 4, 2014 | PO Box 38077 San Juan, PR 00937 |
| 5 | Reco Investment Statement to an individual with initials F.R.D. with a reporting period ending February 26, 2014 | Bo. Ballaja #2 David Diaz Cabo Rojo, PR 00623-4535 |
| 6 | Reco Investment Statement to individuals with initials M.A.L.F. and A.E.R.A. with a reporting period ending February 10, 2014 | Apt. 542 Cabo Rojo, PR 00623 |
| 7 | CGB Financial Investment Statement to individuals with initials D.V.V. and M.A.M.E. with a reporting period of February 26, 2015 | C-15 Calle Golondrina San German, PR 00683-4694 |
| 8 | Reco Investment Statement to an individual with initials E.G.R. with a reporting period of September 15, 2014 | P.O. Box 1821 Moca, PR 00676 |
| 9 | CGB & Reco Financial Investment Statement to individuals with intials G.A.S.A. and B.I.S.F. with a reporting period of January 4, 2015 | G-4 Urb. Margarita Cabo Rojo, PR 00623 |
| 10 | Reco Investment Statement to an individual with initials F.M.F. with a reporting period ending on September 28, 2013 | 814 Calle Guayaney Cabo Rojo, PR 00623-5012 |
| 11 | Reco Investment Statement to an individual with initials A.A.M. with a reporting period of October 24, 2014 | Rep. Feliciano #A10 Mayaguez, PR 00680 |
| 12 | Reco Investment Statement to an individual with initials Y.C.Q. with a reporting period ending with April 30, 2011 | Hacienda Constancia Calle Cafetal 753 Hormigueros, PR 00660 |

Each Count a separate and distinct violation of 18 U.S.C. § 1341.

**INDICTMENT: CRIMINAL NO. 18- 387 ( PAD )**

Count 2 (18 U.S.C. § 1028A – Aggravated Identity Theft)

On or about July 7, 2016, in the District of Puerto Rico, and within the jurisdiction of this Court,

**INDICTMENT: CRIMINAL NO. 16-038 (PAD)**

Count 1 (18 U.S.C. § 1349, 1341 - Conspiracy to Commit Mail Fraud):

From on or about January 27, 2011, up to and including the return of this indictment, in the District of Puerto Rico and within the jurisdiction of this Court, **[1] OSCAR FERRER,** the defendant herein, together with others known and unknown, did knowingly and willfully combine, conspire, confederate and agree, with each other, and with others known and unknown to the Grand Jury, to commit an offense contained in Chapter 63, of Title 18, of the United States Code, namely to devise a scheme and artifice to defraud and obtain money by means of false and fraudulent pretenses, representations, and promises and for the purpose of executing the scheme and artifice, knowingly caused to be delivered by mail at the place at which it is directed to be delivered by the person to whom it is addressed fraudulent investment statements in violation of 18 U.S.C. § 1341. All in violation 18 U.S.C. § 1349.

Counts 2-12 (18 U.S.C. § 1341 – Mail Fraud):

It was part of the scheme and artifice to defraud that defendant **OSCAR FERRER** engaged in deceptive conduct designed to fraudulently obtain money from investors by making false representations regarding the investment of their funds in stocks, bonds, securities, or other investment vehicles with 100% guaranteed principal and interest and by mailing fraudulent investment statements misrepresenting the true nature and state of the investors' payment as described in Count One of this Indictment, the allegations of which are incorporated by reference as though fully set forth herein.

From on or about January 27, 2011, up to and including the return of this indictment, in the District of Puerto Rico and within the jurisdiction of this Court, the defendant **OSCAR FERRER**, with intent to defraud, devised, and willfully participated in the above-described scheme and artifice to defraud and obtain money by materially false and fraudulent pretenses, representations, and promises.

**OSCAR FERRER RIVERA,** the defendant herein, did willfully and knowingly cause the transfer, possession, and use, without lawful authority, of a means of identification of another person, to wit: the name, social security number, and date of birth of a real person with initials M.E.F.R., during and in relation to a felony enumerated in 18 U.S.C. § 1028A(c), to wit: social security fraud involving the Puerto Rico Department of Transportation in violation of 42 U.S.C. § 408(a)(7)(B) as charged in Count One. All in violation of 18 U.S.C. § 1028A(a)(1).

2. **MAXIMUM PENALTIES**

**INDICTMENT: CRIMINAL NO. 16-038 (PAD)**

Counts 1-12 (18 U.S.C. § 1341, 1349): Defendant understands that in relation to each of Counts 1-12 of the Indictment, the Defendant may be sentenced to a term of imprisonment not to exceed twenty (20) years, a fine not to exceed Two Hundred Fifty Thousand Dollars ($250,000.00), and not more than three (3) years of supervised release. 18 U.S.C. §§ 1341, 1349; 3559(a)(3); 3571(b)(3); 3583(b)(2)(Class C Felony)

**INDICTMENT: CRIMINAL NO. 18- 387 (PAD )**

Count 2 (18 U.S.C. § 1028A): Defendant understands that in relation to Count 2 of the Indictment, the Defendant shall be sentenced to a mandatory term of imprisonment of two (2) years to be served consecutively to any other term of imprisonment. Defendant further understands that the Court may impose a fine of not more than Two Hundred Fifty Thousand Dollars ($250,000.00) and a term of supervised release of not more one (1) year. 18 U.S.C. §§ 1028A(a)(1) and (b); 3559(a)(5); 3571(b)(3); 3583(b)(3) (Class E Felony).

3. **SENTENCING GUIDELINES APPLICABILITY**

Defendant understands that the sentence will be left entirely to the sound discretion of the Court in accordance with 18 U.S.C. §§ 3551-86, and the United States Sentencing Guidelines (hereinafter

"Guidelines"), which have been rendered advisory by the United States Supreme Court decision in the consolidated cases <u>United States v. Booker and United States v. Fanfan</u>, 543 U.S. 220 (2005). Further, Defendant acknowledges that parole has been abolished and that the imposition of the sentence may not be suspended.

4. **SPECIAL MONETARY ASSESSMENT**

Defendant agrees to pay a special monetary assessment of one hundred dollars ($100.00) per count of conviction to be deposited in the Crime Victim Fund, pursuant to 18 U.S.C. § 3013(a).

5. **FINES AND RESTITUTION**

Defendant is aware that the Court may, pursuant to U.S.S.G. § 5E1.2, order Defendant to pay a fine. The defendant acknowledges that restitution shall be imposed for any pecuniary loss suffered by an identifiable victim pursuant to 18 U.S.C. § 3663A(c)(1)(B). The parties have agreed that an order of restitution shall be determined and issued by the Court pursuant to 18 U.S.C. §§ 3663A and 3664 based on the applicable factors set forth therein.

6. **RULE 11(c)(1)(B) WARNINGS**

Defendant is aware that the sentence is within the sound discretion of the sentencing judge and of the advisory nature of the Guidelines, including the <u>Guidelines Policy Statements</u>, <u>Application</u>, and <u>Background Notes</u>. Further, Defendant understands and acknowledges that the Court is not a party to this Plea Agreement and thus, is not bound by this agreement or the sentencing calculations and recommendations contained herein. Defendant specifically acknowledges that the Court has jurisdiction and authority to impose any sentence within the statutory maximum set for the offenses to which Defendant is pleading guilty. Defendant is aware that the Court may accept or reject the Plea Agreement, or may defer its decision whether to accept or reject the Plea Agreement until it has considered the pre-sentence investigation report. <u>See</u> Fed. R. Crim. P. 11(c)(3)(A). Should the Court impose a sentence up

to the maximum established by statute, Defendant cannot, for that reason alone, withdraw his guilty plea, and will remain bound to fulfill all of the obligations under this Plea Agreement. See Fed. R. Crim. P. 11(c)(3)(B).

7. **UNITED STATES RESERVATION OF RIGHTS**

The United States reserves the right to carry out its responsibilities under the United States Sentencing Guidelines. Specifically, the United States reserves the right: (a) to bring its version of the facts of this case including its file and any investigative files to the attention of the probation office in connection with that office's preparation of a presentence report; (b) to dispute sentencing factors or facts material to sentencing; (c) to seek resolution of such factors or facts in conference with opposing counsel and the probation office.

8. **APPLICABILITY OF UNITED STATES SENTENCING GUIDELINES**

Defendant is aware that pursuant to the decisions issued by the Supreme Court of the United States in the cases of United States v. Booker and United States v. Fanfan, 543 U.S. 220 (2005), the Guidelines are no longer mandatory and must be considered effectively advisory. Therefore, after due consideration of the relevant factors enumerated in 18 U.S.C. § 3553(a), the United States and Defendant submit the following advisory Guideline calculations in the chart below.

With respect to U.S.S.G. § 2B1.1(b)(1), the parties agree that the United States may argue for the application of U.S.S.G. § 2B1.1(b)(1)(J) regarding a loss amount in excess of $3,500,000 and the Defendant may argue for no less than the application of U.S.S.G. § 2B1.1(b)(1)(I) regarding a loss amount in excess of $1,500,000.

With respect to U.S.S.G. § 2B1.1(b)(2), the parties agree that the United States may argue for the application of U.S.S.G. § 2B1.1(b)(2)(C) regarding the substantial financial hardship to 25 or more

victims and the Defendant may argue for no less than the application of U.S.S.G. § 2B1.1(b)(2)(A) regarding 10 or more victims or the substantial financial hardship to one or more victims.

| Counts One through Twelve (CR No. 16-038(PAD)) | Government | Defendant |
|---|---|---|
| Base Offense Level: U.S.S.G. § 2B1.1(a) | 7 | 7 |
| Special Offense Characteristic: U.S.S.G. § 2B.1(b)(1)(J) – stipulated loss more than $3,500,000 | +18 | |
| Special Offense Characteristic: U.S.S.G. § 2B.1(b)(1)(I) – stipulated loss more than $1,500,000 | | +16 |
| Special Offense Characteristic: U.S.S.G. § 2B1.1(b)(2)(C) – involved substantial financial hardship to 25 or more victims | +6 | |
| Special Offense Characteristic: U.S.S.G. § 2B1.1(b)(2)(A) – involved 10 or more victims or substantial financial hardship to 2 or more victims | | +2 |
| Adjustment: U.S.S.G. § 3C1.1 – impeding the administration of justice | +2 | +2 |
| Acceptance of Responsibility: U.S.S.G. § 3E1.1 | -3 | -3 |
| Total Offense Level | 30 | 24 |
| TOL 24: CHCI (51-63); CHCII (57-71) | | |
| TOL 30: CHCI (97-121); CHCII (108-135) | | |

| Count 2 (CR No. 18-387(PAD)) | |
|---|---|
| 18 U.S.C. § 1028A(a)(1), (b)(2): One consecutive term of 24 months of imprisonment | 24 months Consecutive to Counts 1-12 above |

9. **NO STIPULATION AS TO CRIMINAL HISTORY CATEGORY**

The parties do **not** stipulate as to any Criminal History Category (CHC) for Defendant.

10. **SENTENCE RECOMMENDATION**

After due consideration of the relevant factors enumerated in 18 U.S.C. § 3553(a), the parties agree that the Defendant shall recommend a sentence of imprisonment within the applicable range at a Total Offense Level of Twenty-Four (24) plus a consecutive term of imprisonment of two (2) years and

the United States shall recommend a sentence of imprisonment at the <u>low end</u> of the applicable range at a Total Offense Level of Thirty (30) plus a consecutive term of imprisonment of two (2) years.

If Criminal History Category I applies, Defendant **OSCAR FERRER RIVERA** may recommend a total sentence of seventy-five (75) months of imprisonment and the United States may recommend a total sentence of one hundred twenty-one (121) months of imprisonment.

Defendant agrees that this sentence recommendation is reasonable pursuant to 18 U.S.C. § 3553(a). The parties further agree that any recommendation by either party for a term of imprisonment below or above the stipulated sentence recommendation constitutes a material breach of the Plea Agreement.

## 11. WAIVER OF APPEAL

Defendant knowingly and voluntarily agrees that, if the sentence imposed by the Court is one hundred twenty-one (121) months of imprisonment or less, the defendant waives the right to appeal any aspect of this case's judgment and sentence, including but not limited to the term of imprisonment or probation, restitution, fines, forfeiture, and the term and conditions of supervised release.

Regardless of the sentence imposed, the Defendant specifically agrees not to appeal or challenge collaterally the Court's determination regarding the appropriate application of U.S.S.G. §§ 2B1.1(b)(1) or 2B1.1(b)(2).

## 12. FURTHER ADJUSTMENTS, DEPARTURES OR VARIANCE

The United States and Defendant agree that **no further adjustments or departures** to Defendant's total adjusted base offense level **and no variance sentence** under 18 USC § 3553 **shall be sought by the parties** for a term of imprisonment below or above the stipulated sentence recommendation contained above. The parties agree that any request by Defendant for such an

adjustment or departure will be considered a material breach of this Plea Agreement, and the United States will be free to ask for any sentence, either guideline or statutory.

13.  **DISMISSAL OF REMAINING COUNTS**

The United States shall dismiss the remaining counts of the Indictments against **OSCAR FERRER RIVERA,** Counts 13-23 in CR No. 16-038 (PAD) and Counts 1 and 3 in CR No. 18-387(PAD), following sentencing unless the defendant materially breaches the terms of the Plea Agreement.

14.  **SATISFACTION WITH COUNSEL**

Defendant represents to the Court to be satisfied with counsel, Luis Rafael Rivera, Esquire, and indicates that counsel have rendered effective legal assistance.

15.  **RIGHTS SURRENDERED BY DEFENDANT THROUGH GUILTY PLEA**

Defendant understands that by entering into this Plea Agreement, Defendant surrenders certain rights as provided in this agreement. Defendant understands that the rights of criminal defendants include the following:

a.  If the defendant had persisted in a plea of not guilty to the charges, defendant would have had the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if the defendant, the United States and the judge agree.

b.  If a jury trial is conducted, the jury would be composed of twelve lay persons selected at random. The defendant and the defendant's attorney would assist in selecting the jurors by removing prospective jurors for cause where actual bias or other disqualification is shown, or by removing prospective jurors without cause by exercising peremptory challenges. The jury would have to agree, unanimously, before it could return a verdict of either guilty or not guilty. The jury would be instructed

that the defendant is presumed innocent, that it could not convict the defendant unless, after hearing all the evidence, it was persuaded of the defendant's guilt beyond a reasonable doubt, and that it was to consider each charge separately.

c.  If a trial is held by the judge without a jury, the judge would find the facts and, after hearing all the evidence and considering each count separately, determine whether or not the evidence established the defendant's guilt beyond a reasonable doubt.

d.  At a trial, the United States would be required to present its witnesses and other evidence against the defendant. The defendant would be able to confront those witnesses and defendant's attorney would be able to cross-examine them. In turn, the defendant could present witnesses and other evidence on defendant's own behalf. If the witnesses for the defendant would not appear voluntarily, defendant could require their attendance through the subpoena power of the Court.

e.  At a trial, the defendant could rely on the privilege against self-incrimination to decline to testify, and no inference of guilt could be drawn from the defendant's refusal to testify. If the defendant desired to do so, the defendant could testify on the defendant's own behalf.

16. **POTENTIAL IMPACT ON IMMIGRATION STATUS**

Defendant affirms that he is a United States citizen. Nonetheless, pursuant to Rule 11(b)(1)(O) of the Federal Rules of Criminal Procedure, Defendant hereby agrees and recognizes that, if convicted, a defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

17. **FELONY CONVICTION**

Defendant hereby agrees and recognizes that his plea of guilty in this case will be recognized as a felony conviction which will result in the loss of certain rights, including but not limited to the right to vote in a federal election, to serve as a juror, to hold public office, and to lawfully possess a firearm.

## 18. STATEMENT OF FACTS

The accompanying Statement of Facts signed by Defendant is hereby incorporated into this Plea Agreement. Defendant adopts the Statement of Facts and agrees that the facts therein are accurate in every respect and, had the matter proceeded to trial, that the United States would have proven those facts beyond a reasonable doubt. Further, the Defendant agrees that said statement of facts may be used by the sentencing judge in determining the application of any sentencing guidelines in the instant case.

## 19. FORFEITURE

Defendant hereby agrees to forfeit all property, real or personal, which constituted or was derived from proceeds traceable to the offenses set forth in Counts 1-12 of the Indictment in Criminal No: 16-038 (PAD).

## 20. LIMITATIONS OF PLEA AGREEMENT

Defendant is fully aware that the Court is not bound by this Plea Agreement, including but not limited to: advisory sentencing guidelines calculations, stipulations, and/or sentence recommendations. In addition, this Plea Agreement binds only the United States Attorney's Office for the District of Puerto Rico and Defendant; it does not bind any other federal district, state or local authorities.

## 23. ENTIRETY OF PLEA AGREEMENT

This written agreement and the supplement constitute the complete Plea Agreement between the United States, Defendant, and Defendant's counsel. The United States has made no promises or representations except as set forth in writing in this Plea Agreement and deny the existence of any other term and conditions not stated herein.

## 24. AMENDMENTS TO PLEA AGREEMENT

No other promises, terms or conditions will be entered unless in writing and signed by all parties.

## 25. VOLUNTARINESS OF GUILTY PLEA

Defendant acknowledges that no threats have been made against Defendant and that Defendant is pleading guilty freely and voluntarily because Defendant is guilty.

**ROSA EMILIA RODRIGUEZ-VELEZ**
United States Attorney

**JOSE CAPO IRIARTE**
Assistant United States Attorney
Chief, Criminal Division

Dated: 9-4-18

**MYRIAM Y. FERNANDEZ-GONZALEZ**
Assistant United States Attorney
Deputy Chief, Financial Fraud &
Corruption Unit

Dated: 9.4.2018

**OSCAR FERRER RIVERA**
Defendant

Dated: Sept 7-18

**SETH A. ERBE**
Assistant United States Attorney

Dated: 9/4/18

**LUIS RAFAEL RIVERA, ESQ.**
Counsel for Defendant

Dated: Sept 7-18

## ACKNOWLEDGMENT

I have consulted with my counsel and fully understand all of my rights with respect to the Indictments pending against me. Further, I have consulted with my attorney and fully understand my rights with respect to the provisions of the Sentencing Guidelines, Policy Statements, Application, and Background Notes which may apply in my case. My counsel has translated the Plea Agreement to me in the Spanish language and I have no doubts as to the contents of the agreement. I fully understand this agreement and I voluntarily agree to it

_Sept 7-18_  
Date

x _[signature]_  
**OSCAR FERRER RIVERA**  
Defendant

I am the attorney for the defendant. I have fully explained to the defendant his rights with respect to the pending Indictments. Further, I have reviewed the provisions of the Sentencing Guidelines, Policy Statements, Application, and Background Notes, and I have fully explained to the defendant the provisions of those guidelines which may apply in this case. I have carefully reviewed every part this Plea Agreement with the defendant. To my knowledge, the Defendant is entering into this agreement voluntarily, intelligently and with full knowledge of all consequences of Defendant's plea of guilty.

_Sept 7-18_  
Date

_[signature]_  
**LUIS RAFAEL RIVERA, ESQ.**  
Counsel for the Defendant

## STIPULATION OF FACTS

In conjunction with the submission of the accompanying Plea Agreement in this case, the United States of America and Defendant, **OSCAR FERRER RIVERA**, agree that the following statement provides a true and accurate summary of the facts leading to Defendant's acceptance of criminal responsibility for the violation of 18 U.S.C. §§ 1341, 1349, and 1028A.

From on or about January 27, 2011 to in or about January 2016, in the District of Puerto Rico and within the jurisdiction of this Court, **OSCAR FERRER RIVERA**, together with others, did knowingly and willfully combine, conspire, confederate and agree, with each other, and with others, to commit an offense contained in Chapter 63, of Title 18, of the United States Code, namely to devise a scheme and artifice to defraud and obtain money by means of false and fraudulent pretenses, representations, and promises and for the purpose of executing the scheme and artifice, knowingly caused to be delivered by mail at the place at which it is directed to be delivered by the person to whom it is addressed fraudulent investment statements in violation of 18 U.S.C. § 1341. All in violation 18 U.S.C. § 1349.

From in or about January 27, 2011 through in or about January 2016, **OSCAR FERRER RIVERA** engaged in a scheme to defraud and conspired with others to engage in a scheme to defraud by lying and materially misrepresenting to individuals residing in Puerto Rico that he would invest the individual's money in stocks, funds, securities, and other financial products (hereinafter "investment vehicles") with guaranteed principal and a fixed rate of return.

As a part of and in furtherance of the conspiracy and scheme to defraud, **OSCAR FERRER RIVERA**:

    a.    falsely represented that the investment vehicles were safe, that all principal was guaranteed, and that the investment vehicle would earn a fixed rate of return;

b. falsely represented that the individual's money would actually be invested in an investment vehicle;

c. provided fraudulent investment contracts for individuals to sign and failed to provide copies of the signed contracts to the investors;

d. failed to invest the investors' money;

e. failed to pay investors the interest promised to them;

f. failed to return and repay investors' principal;

g. created corporations in Puerto Rico and Florida to open bank accounts and to deposit individual's investment payments;

h. created and operated Reco Financial, Inc. ("Reco"), National Western HIA, Inc. ("National"), and CGB Financial, Inc. ("CGB") to transfer investor's funds to himself and others;

i. transferred money from National, CGB, and Reco to personal accounts and used investors' funds for himself and others;

j. mailed interest payments so that investors would be unaware of the true state of their investment;

k. created false investment statements which included an account summary, earning summary, portfolio summary, and detailed account activity;

l. mailed investment statements falsely representing that funds were invested, falsely identifying the type of investment, and falsely characterizing the investment as having guaranteed principal and interest;

m. mailed investment statements falsely representing that investments were placed in investment vehicles which did not exist;

n.  used a logo for National which was similar to the logo used by a life insurance company in the United States with the initials N.W.L.I.C.

o.  lulled victims through monetary payments and through communications with individual investors, to delay individual investors from becoming aware of the scheme to defraud and reporting the scheme to defraud.

From on or about January 27, 2011, through in or about January 2016, in the District of Puerto Rico and within the jurisdiction of this Court, the defendant **OSCAR FERRER RIVERA**, with intent to defraud, devised, and willfully participated in the above-described scheme and artifice to defraud and obtain money by materially false and fraudulent pretenses, representations, and promises.

For the purpose of executing or attempting to execute the above described scheme and artifice to defraud and deprive, the defendant **OSCAR FERRER RIVERA** knowingly caused to be delivered by U.S. Mail at the place at which it was directed to be delivered by the person to whom it was addressed the following matters:

| COUNT | DESCRIPTION OF ITEM CAUSED TO BE MAILED | MAILED TO |
|---|---|---|
| 2 | National Western HIA letter dated July 9, 2013 to an individual with initials S.A.U. | Urb. Ramey 222A 6th St. Aguadilla, PR 00603 |
| 3 | National Western HIA Investment Statement to an individual with initials S.A.U. with a reporting period ending October 29, 2013 | Urb. Ramey 222A 6th St. Aguadilla, PR 00603 |
| 4 | National Western HIA Statement to a company with initials B.R.C.&T.R. with a reporting period ending December 4, 2014 | PO Box 38077 San Juan, PR 00937 |
| 5 | Reco Investment Statement to an individual with initials F.R.D. with a reporting period ending February 26, 2014 | Bo. Ballaja #2 David Diaz Cabo Rojo, PR 00623-4535 |
| 6 | Reco Investment Statement to individuals with initials M.A.L.F. and A.E.R.A. with a reporting period ending February 10, 2014 | Apt. 542 Cabo Rojo, PR 00623 |
| 7 | CGB Financial Investment Statement to individuals with initials D.V.V. and M.A.M.E. with a reporting period of February 26, 2015 | C-15 Calle Golondrina San German, PR 00683-4694 |
| 8 | Reco Investment Statement to an individual with initials E.G.R. with a reporting period of September 15, 2014 | P.O. Box 1821 Moca, PR 00676 |
| 9 | CGB & Reco Financial Investment Statement to individuals with intials G.A.S.A. and B.I.S.F. with a reporting period of January 4, 2015 | G-4 Urb. Margarita Cabo Rojo, PR 00623 |

| 10 | Reco Investment Statement to an individual with initials F.M.F. with a reporting period ending on September 28, 2013 | 814 Calle Guayaney Cabo Rojo, PR 00623-5012 |
|---|---|---|
| 11 | Reco Investment Statement to an individual with initials A.A.M. with a reporting period of October 24, 2014 | Rep. Feliciano #A10 Mayaguez, PR 00680 |
| 12 | Reco Investment Statement to an individual with initials Y.C.Q. with a reporting period ending with April 30, 2011 | Hacienda Constancia Calle Cafetal 753 Hormigueros, PR 00660 |

On or about July 7, 2016, in the District of Puerto Rico, and within the jurisdiction of this Court, **OSCAR FERRER RIVERA**, did willfully and knowingly cause the transfer, possession, and use, without lawful authority, of a means of identification of another person, to wit: the name, social security number, and date of birth of a real person with initials M.E.F.R., during and in relation to a felony enumerated in 18 U.S.C. § 1028A(c), to wit: social security fraud involving the Puerto Rico Department of Transportation in violation of 42 U.S.C. § 408(a)(7)(B) as charged in Count One. All in violation of 18 U.S.C. § 1028A(a)(1).

**OSCAR FERRER RIVERA**, for the purpose of obtaining a Puerto Rico identification, knowingly, willfully and with the intent to deceive, falsely represented to the Puerto Rico Department of Transportation a number, XXX-XX-X394, to be the social security number assigned by the Commissioner of Social Security to him, when in fact such social security number is assigned to M.E.F.R. and is not the social security number assigned by the Commissioner of Social Security to defendant **OSCAR FERRER RIVERA**. At the same time, **OSCAR FERRER RIVERA** falsely submitted the birth certificate of M.E.F.R. in order to cause the Puerto Rico Department of Transportation to issue a Puerto Rico identification to him in the name of M.E.F.R. with the photograph of **OSCAR FERRER RIVERA**. The Puerto Rico identification was utilized to flee the jurisdiction in violation of his pretrial conditions of release and to obtain a Florida driver's license in the name of M.E.F.R. with the photograph of **OSCAR FERRER RIVERA**. By fleeing to Florida and violating the pretrial conditions of release, **OSCAR FERRER RIVERA** obstructed and impeded the administration

of justice pursuant to U.S.S.G. § 3C1.1.

This Statement of Facts is only a summary and does not include all relevant facts known by Defendant **OSCAR FERRER RIVERA** pertaining to his or any other individual's involvement in the conspiracy and scheme described above.

If this matter had proceeded to trial, the United States would have proven beyond a reasonable doubt that Defendant **OSCAR FERRER RIVERA** is guilty as charged in Counts 1-12 of the Indictment in CR No. 16-038(PAD) and Count 2 of the Indictment in CR No. 18-387(PAD). This would have been proven through documentary and testimonial evidence, including, but not limited to, audio recordings, fraudulent investment statements, mailing envelopes, corporate records, bank records, casino records, photographs, text messages, and victim testimony as well as other documentation and testimonial evidence.

OSCAR FERRER RIVERA
Defendant
Dated: Sept 7-18

SETH A. ERBE
Assistant United States Attorney
Dated: 9/4/18

LUIS RAFAEL RIVERA, ESQ.
Counsel for Defendant
Dated: Sept 7-18